Colcock, J.
delivered the' opinion of the Court.
¥e express no opinion on the merits of the case ; but are of opinion, that a new trial must be ordered, on the ground, that *475 a witness, who was competent, was rejected. It would seem that the doctrine on this subject ought to be well understood, after the repeated decisions which have been made by this Court; but although it is no difficult task to lay down the rule, there seems to be great difficulty in the application of it in individual cases.
The rule of former times was found too rigid, and it has of late been considered more safe to admit the evidence where there is doubt, than to exclude it altogether: for the rejection is peremptory, and absolute ; but if the witness be received, it still remains for the jury to consider, what credit is due to his testimony, taking into consideration all the circumstances of .the case, and the motives by which he may be influenced. “ Hence,” says Mr. Starkie, “ it is the inclination of the Courts, that objections of this nature should go to the credit of the witness, rather than tó bis competency.” ' 1 Stark. Ev. 87. The same writer, in another part of his treatise, lays down the rule to be, that “the interest to disqualify must be some legal, certain, and immediate interest, however minute, in the result of the cause, or in the record, as an instrument of evidence, acquired without fraud.” 2 Stark. Ev. 744.
In the case before us it is pot pretended, that the witness has any direct interest in the event of the causé: but it is Urge'd, that he is the first indorser of the defendant’s intestate on a note due to the bank, and that if the plaintiff recovery, his debt, being secured by a mortgage, will exhaust the assets, and the witness may be called on to pay the note; whereas, if the verdict in this case is for the defendant, the note will be paid out of the estate, and the witness relieved from his liability. Now it is no difficult task to shew, that these circumstances do not place the witness in either of those predicaments, by which he would be excluded. He gains nothing by the suit itself; that is, he cannot participate in the verdict. The record could never be given in evidence iff any suit which might be brought upon the note, which he has indorsed. No liability is created by the verdict, for if this suit had never been heard of, he would still have been liable on his indorsement. Then as to the other facts s the estate is said to be insolventbut how is this Court to ascertain that] Can an issue be made up to try the fact in this collateral way ] It is also contended, that the witness is in *476 the situation of a creditor of the estate; but it does not follow that one is the creditor of an estate because he has indorsed a note, which he may be called on to pay. He may never pay the debt, and until he does, he cannot be said to be a creditor. He consequently was not swearing to increase a fund, out of which he is to be remunerated. Many things may occur to prevent his paying the debt, for which he is liable. It is á mere liability, and very far from that certain, direct, and immediate, interest, which excludes a witness.
In the case of Kingston v. Grey, 1 Ld. Raym. 745, upon issue taken ou a plea of plene administravit, it was held, that a bond creditor, who had been paid, was competent to prove his debt, as well as payment of it, although, if the bond were not authentic, and the debt not due, he would have been liable to refund; for he was not interested in the event of the suit, nor could the record be evidence in any action which might be brought against him. The reason of that case applies directly to this. The witness was competent at common law, and should have been sworn.
Motion granted.